H. EDWARD WOLF, PROSECUTOR-RESPONDENT, v. STATE HIGHWAY COMMISSION OF NEW JERSEY ET AL., RE-SPONDENTS-APPELLANTS.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellants, *William A. Stevens,* attorney-general; *Walter H. Bacon, Jr.,* and *Maximilian M. Stallman.*

For the respondent, *Herbert J. Hannoch.*

The opinion of the court was delivered by

Campbell, Chancellor.   This is an appeal from a judgment of the Supreme Court modifying orders in condemnation

proceedings initiated by the appellant. These orders originally provided for the taking of the lands of the respondent for highway purposes in fee. The judgment of the Supreme Court, upon review by *certiorari,* sets aside such orders to the extent that they provide for and authorize the taking of such lands in fee.

The Supreme Court based its conclusion upon, and was controlled by, the decision of this court in *Frelinghuysen* v. *State Highway Commission,* 107 *N. J. L.* 218; 108 *Id.* 403, but appellant urges that such pronouncement by this court was prior to making the orders which were under review by the court below and that also prior to the filing of the petitions in these condemnation proceedings the legislature by an act entitled "A supplement to an act entitled 'An act to establish a state highway system, and to provide for the improvement, betterment, reconstruction, resurfacing, maintenance, repair and regulation of the use thereof' (Revision of 1927)," approved April 18th, 1930 (*Pamph. L.* 1930, *ch.* 191, *p.* 945), provided by section 2 thereof that "the state highway commission shall take the fee in and to lands acquired through condemnation" and therefore the result reached by this court in *Frelinghuysen* v. *Highway Commission, supra,* is no longer authority in this state and that in following it the Supreme Court was in error.

But in this conclusion we do not concur and this is aside from a fairly debatable question as to whether or not the legislation in question is applicable to the situation before us and the court below. In a cause later coming to this court (*Holcombe* v. *Western Union Telegraph Co.,* 109 *N. J. L.* 551), although the statute of 1930, *supra,* and also *Pamph. L.* 1930, *ch.* 241, *p.* 1058, were passed and became effective subsequent to the proceedings to condemn it was urged in the court below, and that court held, that although such acts were passed subsequent to the initiation of the proceedings before it, nevertheless, pursuant to the findings of this court in the Frelinghuysen case, *supra,* such acts were unconstitutional. This court affirmed the judgment of the lower court *in toto.*

It is apparent, therefore, that the holding in this court in the case of *Frelinghuysen* v. *Commission, supra,* remains the law of this state notwithstanding the statutes before referred to and urged by the appellant.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 11.

*For reversal*—None.